7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VICTOR COLEY, Plaintiff-Appellant,
v.
SAMUEL F. SAXTON, Director; Al Cohn, Executive Assistant;
Marian Vincent, Medical Coordinator; Prince
George's County Correctional Center,
Defendants-Appellees.
 No. 92-7024.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 13, 1993.
Decided: October 4, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Victor Coley, Appellant Pro Se.
 Crystal Renee Dixon, County Attorney's Office, for Appellees.
 D.Md.
 VACATED AND REMANDED
 Before WIDENER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Victor Coley appeals the district court's dismissal of his 42 U.S.C. § 1983 (1988) action for failure to comply with a court order that Coley notify the court of any change of address. In light of the postdismissal discovery that Coley's address in fact did not change, and that the court was fully apprised of Coley's correct address at all times, we vacate the judgment of the district court and remand for further proceedings.
 
 
 2
 At the time he filed his lawsuit, Coley was incarcerated at MCIHagerstown. On May 7, 1992, he was transferred to MCI-Jessup. On several documents filed with the district court, Coley published his new address. The district court's clerk's office changed its records to reflect that Coley was confined at Jessup. Defendant similarly was aware of Coley's transfer.
 
 
 3
 In an August 11, 1992, letter to the district court, Defendant's attorney stated that two documents she had mailed to Coley had been returned marked "addressee unknown." Counsel expressed her concern that she would not be able to depose Coley by the discovery deadline. She inquired whether the case might be dismissed or whether the court might extend the discovery deadline.
 
 
 4
 By order dated August 25, 1992, the district court dismissed the action without prejudice for noncompliance with the court's order that Coley notify the court of any change of address. On August 26, Coley's opposition to either extending the discovery deadline or dismissing the case was filed. He stated that he in fact had been at Jessup since May.
 
 
 5
 There apparently was an administrative mix-up at Jessup which resulted in the return to both the district court and Defendant of mail addressed to Coley. This mail was returned "addressee unknown," although Coley was a Jessup inmate. Under these circumstances, we find that the best course is to remand this case to the district court for further proceedings. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 VACATED AND REMANDED